**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 14 2016
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| United States District Court | District northern district of texas |
|---|---|
| Name (under which you were convicted): Danny Borges | Docket or Case No.: 3:14-CR-00486-N |
| Place of Confinement: FCI marianna | Prisoner No.: 65484054 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |

v.   Danny Alexis Borges

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   earle cabell federal building and united states courthouse
   1100 commerce st., room 1452
   Dallas, TX, 75242

   (b) Criminal docket or case number (if you know): 3:14-CR-00486-N

2. (a) Date of the judgment of conviction (if you know): July 24, 2015

   (b) Date of sentencing: October 5, 2015

3. Length of sentence: 120 months

4. Nature of crime (all counts):
   18 USC § 1466A (a)(1) and (b)(5) receipt of obscene visual representations of the sexual abuse of children
   18 U.S.C. § 1466A (B)(1) and (b)(5) possession of " "

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☑   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
   plead to 18 USC § 1466(a)(1)
   not guilty to (b)(1)

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

   If "Yes," answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

  (7) Result:

  (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

  (7) Result:

  (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

  (1) First petition: Yes ☐ No ☑

  (2) Second petition: Yes ☐ No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The item in question is considered art, not obscene. There are pieces in a museums that are considered art, but can be classified as obscene, i.e. The Extasy of Sr Teresa, which depicts a female who appears to be in the throes of sexual intercourse. The Sistine Chapel is another example which depicts child-like angels nude in this painting. This piece is currently on display in the Vatican. According to law, this is considered obscene.



(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:

Facts were not known during plea stage

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** necessity

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):



~~The wording~~ out of necessity
1. ~~The item in question was never my property the only reason the item was in my possession was because I was forced, to hold the item under duress from another inmate threatening threat of rape from another inmate.~~

~~The prosecution incorrectly stated I was the owner of the item in question,~~ when The only reason I had it was out of necessity to protect my ~~health~~ safety and wellbeing, I had been raped a number of times prior to the date of offense by the individual whom owned and ~~handled~~ handled it.

§ Also relative to the issue there is a witness that identified me by to my lawyer, who has important information regarding my case, relevent to my case.

Case 3:16-cv-02936-N-BK   Document 3   Filed 10/14/16   Page 5 of 17   PageID 8

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:
evidence was recently discovered that ~~was and~~ proves truth to claims raised in grounds two.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** Brady

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The institution I was located at (fci seagoville-low) prevented my claim of innocence from reaching the prosecution in time to prevent conviction ~~and fees, the prosecutor from hearing claims.~~

The institution prevented me from presenting Brady material pertaining to my case by not passing my claims of innocence on to the prosecution.

(b) **Direct Appeal of Ground Three:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:
   evidence recently discovered proving comments made were recorded but never passed on to SIS, DC, or the prosecution.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):
   Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:


Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:** ~~eith~~ eighth amedment violation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
At the institution I was located at (fci seagoville-low) ~~several inmates~~ the inmate who was the owner of this item threatered me into staying silence about him being the owner and ~~having a~~ part of him distributing the item in question. labeled "Kidskin comixxx"

excessive amount of time that goes past legal ~~amount~~ allotted.
keeps me from recieving the proper medical and psychological care needed to treat ptsd. can not recieve intensive weekly and daily mental health care that Doctors stated during original case investigation report.
Placing me around hardcore sexoffenders when it can result in me getting harmed.
Diagnosed with Ptsd, generalized anxiety disorder and major Depressive disorder 3½ yrs ago and recieved
b: - weekly treatment along with daily treatment for 3½ months at a group therapy program in rockland county N.Y.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: evidence was just located proving truth to statements made.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    no

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    John M. Nicholson
    first assistant FPD
    northern district of tx
    525 griffen st. suite 629
    Dallas, tx 75202

    (c) At trial: N/A

    (d) At sentencing:

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: overturning of conviction and ~~expunge~~ conviction expunged from records

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).
10/4/16

Executed (signed) on October 4, 2016 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

> Borgos also wanted me to change the line about another inmate "promising"
> to make Borgos a comic to "offering" to make Borgos a comic.
>
> 3.  Consistent with the changes in the factual resume, Borgos insists that
> the primary possessor of the comic book was "Jimmie Davis."  Borgos also
> claims that, in addition to being the primary possessor of the comic
> book
that the guard found in Borgos' mesh bag, Davis is the middleman of sorts for the group of inmates at Seagoville that are in to that sort of thing.
> Borgos claims that Davis distributes the comic books and has a part in creating them.  Moreover, Borgos says that Davis likes to brag about how he
> (Davis) has hands-on victims (our term, not his) to include victims
> that
Davis molested while he (Davis) was in the military.  Borgos asked me to convey to Y'al that, if a guard was to go through Davis' textbook for his vocational training class, and did so as a surprise, then Davis would more likely that not have some form of child exploitation material, such as a comic or novel, hidden in the pages of the textbook.  However, Borgos also asked me to plead with Y'all not to do anything in a manner that would reveal to Davis that Borgos had informed on him.  Borgos advises that he is afraid of Davis and that threats from Davis played a part in Borgos agreeing to keep the comic book in his mesh bag.
>
> I checked the BOP website and there is an inmate named Jimmie Davis
> that
is doing time at Seagoville. He has an estimated release date of December 7, 2021.  Per PACER, there are about a dozen people named "Jimmie Davis" with federal, criminal cases.  However, only one of them has a CP case. "Jimmie D. Davis" has a case out of the NDOH, wherein he plead guilty to CP possession in 2012 and got a 140 month sentence.
>
> Because of the information that Borgos has offered as to Davis, I had Borgos sign the cooperator's version of the plea agreement supplement.
>
> Please advise as to whether I should send you the signed documents
> as-is
or rather wait until I can have Borgos resign the incorrectly redacted factual resume.
>
> Regards,
> John M. Nicholson
> Assistant Federal Public Defender
> 525 Griffin St., Suite 629
> Dallas, TX 75202
> tel (214) 767 2746
> fax (214) 767 2886
>

supporting document exhibit (B)

During [illegible] 6 subs[?]

Sent on 30x1, can not up until 2017.

David Goldstein: I remember this case vividly. The feds would not do anything. Made ∆ take the 5 years. ∆'s only support is his grandmother in NY, so being in TX is bad. We have tons of docs showing ∆ has IQ of a 12 year old. My email is digsy@aol.com. Need something to get file to APPD. Very unlikely that ∆ was behind the comic. ∆ consistently abused a youth & nobody cared. Please tell ∆ that David says "hey"

If ∆ got the comic from then maybe a conflict.

∆ wants copy of charges after being warned of dangers

1. The author is either white or hispanic. Late 50s or 60s. Glasses. Gray hair. In unit 53. Around 5'9 or 5'10. Never heard him talk. He is on ∆ side. Just noticed him a week or so.

For 2-9-15 meet

Two counts: Receipt & Possession. P/L of prior, receipt is 15-40 yrs & possession is 10-20 yrs

JJ offer: Plead to possession & will dismiss receipt. Also, ∆ can appeal on constitutional grounds

Supporting document exhibit (c)

Squires or Shelp Unit 53

4419   4453

↓

left

↓

v/m on
2-9-15

3-19-15 Spoke to Warden's assistant. She says she will have unit manager, Mr Johnson, call me.

3-27-15

Jimmie Davis showed △ the comic. JD was assaulting △ @ the time & threatened to escalate unless △ hid the comic in △'s bag. △ kept comic in bag until October. △ would give the comic to Davis & be the lookout for him while Davis read it & colored it. Then, officer found the bag when officer went to search Davis' room (sitting outside of it). When questioned, △ told the guard the same story Davis told △ to say if △ got caught. August 2014

△'s friend, Steven Fout, who is half-blind, can say Davis had the comic b/c Davis showed him.

APP warns △ about dire consequences of falsely accusing someone else to gain a benefit—

↓



⇔65484-054⇔
Danny Borgos
PO BOX 7007
FCI Marianna
Marianna, FL 32446
United States

Legal

Do not Bend!

Karen mitchell
clerk of courts
northern district of texas
1100 commerce street
room 1452
Dallas, texas 75242

Legal



CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
RECEIVED
OCT 14 2016



PENSACOLA FL 325
WED 05 OCT 2016 PM

