IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANNY BORGOS, #65484-054, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2936-N-BK |
| | § | |
| JENNIFER LAPERTON, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* prisoner civil rights case was automatically referred to the United States magistrate judge.[1] The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and law, and for the reasons that follow, this case should be summarily **DISMISSED**.

**I. BACKGROUND**

On November 22, 2016, Plaintiff, a federal prisoner in Marianna, Florida, filed an amended complaint against the Federal Bureau of Prisons (BOP), Dr. Anne Cuccio, and three employees of the Federal Correction Institution (FCI) in Seagoville, Texas: Sex Offender Management Program (SOMP) Coordinator Jennifer Laperton, SOMP Psychologist Maria Douglas, and Registered Nurse Monica Sifford. Doc. 6 at 3. Plaintiff complains about the conditions of confinement at FCI Seagoville, where he was incarcerated from September 2013 until his transfer to FCI Marianna. Doc. 6 at 6. Specifically, he complains about the denial of

---

[1] Plaintiff initially raised his civil rights claims in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which challenged his 2015 conviction in this Court for possessing obscene visual representations of the sexual abuse of children. Crim. Doc. 41. In light of his *pro se* status, the Court liberally construed the allegations to raise civil rights claims, which were subsequently ordered severed and filed in this action. Doc. 4.

medical and psychological treatment, and the failure to protect him from violence, retaliation, and slander. Doc. 6 at 3, 5-8. Plaintiff seeks monetary compensation for emotional and psychological pain and suffering, and injunctive/declaratory relief compelling the BOP to review and change its treatment programs for mentally ill inmates.[2] Doc. 6 at 9.

Since the amended complaint was filed on the civil rights complaint form, the Court deems it to be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court established a cause of action for monetary damages against federal officials in their individual capacities for violations of federal constitutional rights. *Id.*

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**A.    Plaintiff's Claims against the BOP and Defendants in their Official Capacities are not legally sustainable.[3]**

Plaintiff attempts to sue the BOP and various federal officials for monetary damages. Doc. 6 at 3. However, a federal agency is immune from an action predicated on *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994) (holding that "[s]overeign immunity is

---

[2] Plaintiff also requests that his sentence be reduced. However, such a request is not cognizable in a civil rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 4889 (1973)) (a prisoner cannot use a civil rights action "to challenge 'the fact or duration of his confinement.'").

[3] The amended complaint is silent about the capacity in which the individual Defendants are being sued. Nevertheless, in light of Plaintiff's *pro se* status, the Court presumes the federal officials are sued in both their official and personal capacities.

2

jurisdictional in nature" and that a *Bivens* cause of action cannot be brought against a federal agency); *Pinson v. Fed. Bureau of Prisons*, 647 F. App'x 375, 376 (5th Cir. 2016) (concluding the BOP was entitled to sovereign immunity). In addition, claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred by the doctrine of sovereign immunity because they are considered as the actions of the federal agencies by whom they are employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985).

Plaintiff has not alleged or proffered proof of any explicit waiver of immunity by the BOP. Absent a waiver of sovereign immunity, the Court must dismiss Plaintiff's *Bivens* claims against the BOP and each Defendant in his/her official capacity for lack of jurisdiction. *See Gibson v. Fed. Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004) (sovereign immunity barred claims against the United States, the BOP, or BOP officers in their official capacities).

Plaintiff also seeks injunctive/declaratory relief against the BOP compelling it to review and change its treatment program for mentally ill inmates. Doc. 6 at 9. *Bivens*, however, authorizes only money damages, not injunctive relief, against individual federal officers. *See Patel v. Santana*, 348 F. App'x 974, 976 (5th Cir. 2009) ("[I]njunctive relief against the BOP [is] a form of relief that would not be proper under *Bivens*"). Even assuming Plaintiff had sued a proper BOP officer in his or her official capacity for prospective injunctive relief, that claim would have been rendered moot by Plaintiff's subsequent transfer from FCI Seagoville to Elkton FCI, where he is presently confined. *James v. Mason*, 513 Fed. Appx. 364, 368 (5th Cir. 2013) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)).

3

**B.     Plaintiff's *Bivens* Claims against Defendants in their personal capacities are not factually plausible.**

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are frivolous and/or fail to state a claim upon which relief can be granted.[4]

**1.     Claims against Dr. Cuccio are time barred**

Plaintiff asserts that on March 20, 2014, Dr. Cuccio denied him medical and psychological care for PTSD (Posttraumatic stress disorder), and refused to prescribe him Prozac

---

[4] Although Plaintiff states that he did not exhaust his administrative remedies in answer to paragraph III, Doc. 6 at 3, the Court cannot dismiss *sua sponte* for failure to exhaust prior to service of process unless the complaint on its face established the lack of exhaustion. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (noting that court can dismiss a case prior to service on defendants for failure to exhaust, "if the complaint itself makes clear that the prisoner failed to exhaust," but that court "cannot by local rule sidestep *Jones* by requiring prisoners to affirmatively plead exhaustion").

for depression.  Doc. 6 at 3, 6.  Plaintiff also alleges slander resulting from Dr. Cuccio's comments on the same day.  *Id.*

Because Plaintiff alleges the events at issue occurred in March 2014, the deadline for filing a *Bivens* suit and bringing a slander claim was no later than March 2016.  *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in *Bivens* action is two years, the limitations period governing personal injuries under Texas law); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. §16.002(a) (West 2017) (providing a one-year statute of limitations for libel and slander claims).  However, October 9, 2016, about six months after that deadline, is the earliest date on which Plaintiff's complaint can be deemed filed.[5]  Thus, based on the facts alleged in the complaint, all claims against Dr. Cuccio are barred by either the one-year or the two-year statute of limitations and, thus, should be dismissed as frivolous.

### 2. Plaintiff fails to state a claim against Laperton, Douglas, and Sifford.

*Medical care allegations*

Plaintiff complains about the "[t]otal denial of treatment for PTSD" by Laperton and Dr. Douglas.  Doc. 6 at 3, 5.  He asserts that on March 26, 2015, while he was still in segregation, he informed Dr. Douglas of being raped at FCI Seagoville and requested treatment for PTSD.  Doc. 6 at 5.  Dr. Douglas denied Plaintiff's request and accused him of lying.  *Id.*  Then, on November

---

[5] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff signed the section 2255 motion (which initially raised the claims at issue) and, thus, most probably submitted it to prison officials for mailing on October 9, 2016.  *See* Civ. Doc. 2 at 13 in No. 3:16-CV-2897-N-BK.

5, 2015, following a forced SOMP interview, Dr. Douglas denied Plaintiff the ability to "self-carry" BuSpar (a prescription medication for anxiety) and referred him to a tele-psychiatrist to address his continued need for anxiety medication. *Id.* The following day, Laperton allegedly reviewed Plaintiff's "CMP" file and purportedly accused him of drawing "child pornographic images," of which he had previously been convicted in this court. *Id.*

To state a constitutional violation for denial of medical care an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and healthcare providers is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (2001). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (quoting *Gobert*, 463 F.3d at 346). Moreover, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." *Id.* (quoted case omitted).

Here, even accepting the facts pled by Plaintiff as true, his amended complaint fails to state a plausible claim for relief under the high deliberate indifference standard. First, Plaintiff cannot establish that he suffered from a serious medical condition or need. He merely complains

of "PTSD" and possibly depression and/or anxiety, and fails to provide any information about the extent of his condition(s), symptom(s) endured, or any medication or treatment that he received, apart from briefly mentioning BuSpar.  He also fails to allege that his medical need was so apparent that Laperton and Dr. Douglas would have recognized that care or medication was required.  *See Gobert*, 463 F.3d at 345 n. 12 (serious medical need for Eighth Amendment purposes "is one for which treatment has been recommended" or for which "the need is so apparent that even laymen would recognize that care is required").

Nor can Plaintiff establish that Defendants Douglas and Laperton acted with deliberate indifference.  Notably, Plaintiff fails to allege any facts to establish that they knew that he faced a substantial risk of serious bodily injury as a result of his medical condition – PTSD, depression, and/or anxiety -- being left untreated, and that they disregarded that risk by failing to take reasonable measures to abate it.  "Deliberate indifference 'is an extremely high standard to meet.'"  *Gobert*, 463 F.3d at 346.  In this case, Plaintiff has failed to plead even the bare minimum facts to establish such deliberate indifference on the part of Defendants Douglas and Laperton.

Moreover, insofar as Plaintiff experienced delay in receiving medical treatment, delay in and of itself does not give rise to an Eighth Amendment violation unless there is "deliberate indifference that *results in substantial harm*."  *Rogers*, 709 F.3d at 410 (quotations and quoted case omitted; emphasis in original).  Here, Plaintiff has offered no factual enhancement from which it can be inferred that he suffered a specific, substantial risk of serious harm to his health that Douglas and Laperton knowingly or wantonly disregarded.

7

At the most, Plaintiff's allegations amount to negligence. However, negligent medical care or medical malpractice is not actionable under section 1983. *Estelle*, 429 U.S. at 106 (negligent medical care or medical malpractice does not rise to a constitutional violation); s*ee also Kingsley v. Hendrickson*, ___ S. Ct. ___, 135 S. Ct. 2466, 2472 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Accordingly, Plaintiff has failed to meet the extremely high standard for deliberate indifference necessary to state a claim under the Eighth Amendment.

*Slander*

Plaintiff also sues for allegedly slanderous statements by Douglas and Laperton during the 2015 meetings mentioned above. Doc. 6 at 3, 5. However, injury to reputation or character alone is insufficient to invoke due process protection. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Davis v. City of Aransas Pass*, 605 F. App'x 429, 430 (5th Cir. 2015). Accordingly, Plaintiff has failed to state a plausible claim.

*Denial of prescription medication at pill window*

Next, Plaintiff claims Sifford denied him medication at the pill window 11 times in November 2015 after Dr. Douglas removed his ability to "self-carry" medications. Doc. 6 at 6. Again Plaintiff has failed to set forth a plausible claim. He has alleged no facts that would justify an inference of deliberate indifference by Sifford. Plaintiff neither identifies the medication(s) that Sifford refused to provide nor indicates the medical condition they were prescribed for. Moreover, insofar as Plaintiff experienced delay in receiving his medication, he has offered no factual enhancement from which it can be inferred that he suffered a specific, substantial risk of serious harm to his health that prison officials knowingly or wantonly

8

disregarded. *Rogers*, 709 F.3d at 410 (delay in and of itself does not give rise to an Eighth Amendment violation unless there is "deliberate indifference that results in substantial harm."). Additionally, Sifford's actions were at most negligent, which as previously noted is not actionable under *Bivens*. *Estelle*, 429 U.S. at 106 (negligent medical care or medical malpractice does not rise to a constitutional violation).

*Retaliation*

Intertwined with his deliberate indifference claims are claims of retaliation against Sifford and Dr. Douglas. Doc. 6 at 5-6. However, for the reasons discussed above, Plaintiff has failed to state a claim for deliberate indifference to his medical needs. Thus, having failed to allege the violation of a constitutional right, Plaintiff also fails to state an actionable retaliation claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("if the inmate is unable to point to a specific constitutional right that has been violated, the [retaliation] claim will fail.")

*Physical Injury Requirement*

Lastly, Plaintiff has not alleged a sufficient physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody as a result of the purported retaliation and denial of medical treatment. The amended complaint pleads no physical injury and the recovery of compensatory damages for emotional or mental injuries allegedly suffered is precluded. Under 42 U.S.C. § 1997e(e), a prisoner is prohibited from filing a civil action in federal court "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Mayfield v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008) (dismissing compensatory-damages request under section 1997e(e) because the plaintiff had not alleged any physical injury). Moreover, even if Plaintiff had sought nominal

9

damages, his bare allegations of constitutional violations, as previously noted, lack any arguable basis in law. *Hutchins v. McDaniel*s, 512 F.3d 193, 198 (5th Cir. 2007) (holding section 1997e(e) does not bar a prisoner's recovery of nominal or punitive damages if he can successfully prove a constitutional violation).

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009) (*per curiam)* (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'"). Here, for the reasons stated above, Plaintiff cannot, as a matter of law, state a colorable legal claim based on the legal theory and facts Plaintiff posits in his amended complaint. Consequently, granting leave to amend would be futile and cause needless delay.

That notwithstanding, Petitioner is provided adequate notice of the deficiencies of his complaint by this recommendation, and the opportunity to respond or seek leave to amend during the 14-day objection period. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (*sua sponte* dismissal with prejudice "is cabined by the requirements of basic fairness," and thus, unless dismissal is without prejudice or the plaintiff has alleged his best case, the district court must give "the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond").

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims against the BOP and the Defendants in their official capacity be **DISMISSED WITHOUT PREJUDICE** for want of

jurisdiction, and that Plaintiff's *Bivens* claims against the Defendants in their individual capacity be summarily **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A(b).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[6]

**SIGNED** June 10, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE